# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

**ROBERT E. HUDDLESTON,**                )
                                         )
    **Plaintiff,**                    )        **No. 3:15-cv-001163**
                                         )        **Judge Haynes**
**v.**                                   )
                                         )
**15ᵗʰ JUDICIAL DISTRICT ATTORNEY**      )
**OFFICE, et al.,**                      )
                                         )
    **Defendants.**                   )

## MEMORANDUM

Plaintiff, Robert E. Huddleston, a pre-trial detainee at the Wilson County Jail in Lebanon, Tennessee, filed this *pro se* action against "the 15ᵗʰ Judicial District Attorney Office," Assistant District Attorney Jason Lawson, Attorney General Tom P. Thompson, and Judge David Durham, alleging violations of the Plaintiff's civil rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks damages of $200,000,000 against each named Defendant, as well as his release from state custody.

According to his complaint, Plaintiff was "booked in the Wilson County Jail" on June 16, 2012, because he missed a bond hearing due to his hospitalization at a drug rehabilitation center. Despite presenting evidence to the state court judge of the reason for his absence at bond hearing, the state trial judge denied Plaintiff bail. As a result, the Plaintiff has been incarcerated for over three years. Plaintiff's trial date has been changed several times, but is now set for May of 2016. Plaintiff alleges denial of his right to a speedy trial and that the Defendants' acts are motivated by the Plaintiff's race and his role in an investigation against county government officials. In addition, Plaintiff alleges that the Defendants have used incorrect information about his background to deny him bail.

Plaintiff's complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e. Under the PLRA, courts are required to screen a complaints filed by prisoners and dismiss those complaints that are frivolous, malicious, or fail to state claims upon which relief may be granted. 28 U.S.C. § 1915A(b). This screening must occur even if the plaintiff-prisoner paid the full civil filing fee, as did Mr. Huddleston in the instant case. (Docket No. 2).

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

To state a claim under § 1983, Plaintiff must allege plausible facts that he was deprived of a right secured by the Constitution or laws of the United States "was caused by a person acting under

color of state law." *Tahfs v. Proctor,* 316 F.3d 584, 590 (6ᵗʰ Cir. 2003); 42 U.S.C. § 1983.

Plaintiff seeks damages against unnamed attorneys and names Assistant District Attorney Jason Lawson who is sued in his individual capacity only, the Attorney General Tom Thompson and other attorneys who are sued only in their official capacities. Claims against "the 15th Judicial District Attorney Office" and the state prosecutors in their official capacity are claims against the State and the State is not a person that can be sued in a Section 1983 action. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989). Thus, these claims should be dismissed.

To the extent that Assistant District Attorney Jason Lawson or any other state attorney is sued in their individual capacities, such claims are barred by the prosecutorial immunity doctrine. Prosecutors enjoy absolute immunity from suits under § Section 1983 for conduct related to the initiation and presentation of the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 420, 431 (1976); *Howell v. Sanders,* 668 F.3d 344, 349 (6ᵗʰ Cir. 2012). Because the immunity attaches to the prosecutorial function, not the manner in which a prosecutor performs it, prosecutorial immunity provides protection from judicial scrutiny of the motives for the prosecutor's actions. *Ireland v. Tunis*, 113 F.3d 1435, 1447 (6ᵗʰ Cir. 1997). "Absolute immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Grant v. Hollenback*, 870 F.2d 1135, 1138 (6ᵗʰ Cir. 1989). Here, the Plaintiff does not allege that the prosecutorial Defendants engaged in activities outside the scope of their prosecutorial duties. Allegations of conspiracy do not abrogate a prosecutor's immunity, *Imbler*, 424 U.S. at 415-16. Thus, Plaintiff's individual capacity claims against Lawson should be dismissed.

As for the Plaintiff's claims against Judge David Durham, judges are also absolutely immune from liability for damages under § 1983. *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983).

To the extent, Plaintiff seeks this court's intervention in Plaintiff's pending state criminal proceedings, that a federal court should not interfere with pending state court criminal proceedings, absent the threat of "great and immediate" irreparable injury. *Younger v. Harris*, 401 U.S. 37, 46 (1971). A federal court may raise the issue of *Younger* abstention *sua sponte*. *Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976). *Younger* abstention applies where the federal plaintiff seeks injunctive or declaratory judgment relief. *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998).

In *Younger*, the Supreme Court held that, absent extraordinary circumstances, federal equity jurisdiction may not be used to enjoin pending state prosecutions. The *Younger* abstention doctrine is based on the principle that the states have a special interest in enforcing their own laws in their own courts. *Id.* at 44. The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir.1986) (internal quotations omitted). Abstention in favor of state court proceedings is proper where there exists: (1) an ongoing state judicial proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996).

The three factors that support *Younger* abstention are present here. First, a state criminal prosecution of the Plaintiff is pending. Second, the state criminal proceedings implicate important state interests. *See, e.g., Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000). Third, while the complaint expresses Plaintiff's dissatisfaction with the state court judge's rulings in his criminal

4

case, the complaint does not allege that the state court has refused or would refuse to consider Plaintiff's constitutional claims. Thus, presumably the state court proceedings provide an adequate forum in which Plaintiff can raise any constitutional challenges. If the Plaintiff raises his constitutional challenges in state court and the trial court denies or otherwise fails to consider his constitutional claims, Plaintiff may exercise his right to an appeal under Tennessee law. Plaintiff may also exhaust state post-conviction proceedings in the event he is convicted of the charged offense(s).

There are exceptions to the *Younger* doctrine: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611; (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979)(quoting *Huffman*, 420 U.S. at 611); or, (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). To overcome the bar of *Younger* abstention, Plaintiff must do more than set forth mere allegations of bad faith or harassment. *See Amanatullah v. Colorado Board of Medical Examiners*, 187 F.3d 1160, 1165 (10th Cir.1 999) (citing *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir.1997)). Plaintiff is allegations here do not suggest any exception to the *Younger* doctrine.

As to Plaintiff's claim that he has been unlawfully charged and detained, such claims that would result in Plaintiff's release from custody arises under the *habeas corpus* and state under the "[h]abeas corpus is the exclusive remedy for a state prisoner who challenges **the fact or duration of his confinement** . . . even though such a claim may come within the literal terms of § 1983."

5

*Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973))(emphasis added). A § 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief. *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488-90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). Additionally, a state prisoner does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Heck*, 512 U.S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). More recently, the United States Supreme Court extended *Heck* to bar § 1983 actions that do not directly challenge confinement, such as here, but instead challenge the procedures that imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Under *Heck*, the Court cannot grant Plaintiff release from state custody. Thus, Plaintiff's claims concerning the validity of his continued confinement should be dismissed without prejudice, should the Plaintiff wish to pursue them by appropriate legal proceedings.

For these reasons, the Court concludes that Plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983. 28 U.S.C. § 1915A. Absent an actionable federal claim, the Court must dismiss the complaint *sua sponte.* 28 U.S.C. § 1915(e)(2). This dismissal is without prejudice to the Plaintiff's release claims.

An appropriate Order is filed herewith.

**ENTERED** this the ____ day of December, 2015.


William J. Haynes, Jr.
Senior United States District Judge